UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE KLIEWER,

          Petitioner,

    v.

JASON BENNETT,

          Respondent.

Case No. C24-5683-JHC-SKV

ORDER TO SHOW CAUSE

    Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Pierce County Superior Court case number 22-1-01781-5. *See* Dkt. 7 at 1. Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the validity of his current custody, asserting that former RCW 9.94A.507 is unconstitutional on its face and violates his Sixth Amendment right to a jury trial. *Id*. at 7. He seeks to have this Court determine whether state law violates federal law and to "issue an unconditional writ releasing [him] from custody." *Id*. at 8.

    The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370

ORDER TO SHOW CAUSE - 1

F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).  Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.  To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts.  28 U.S.C. § 2254(b)-(c).  The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review.  Dkt. 7 at 3-6.  Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review.  Accordingly, the Court hereby ORDERS as follows:

(1)     Petitioner shall SHOW CAUSE, not later than **thirty (30) days** from the date on which this Order is signed, why his petition and this action should not be dismissed for failure to exhaust state court remedies.  Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)     The Clerk is directed to NOTE this matter on the Court's motion calendar for **October 4, 2024**, for review of Petitioner's response to this Order to Show Cause.

ORDER TO SHOW CAUSE - 2

(3) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable John H. Chun.

Dated this 3rd day of September, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3