UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE KLIEWER, <br><br>                Petitioner, <br><br>   v. <br><br>JASON BENNETT, <br><br>                Respondent. | Case No. C24-5683-JHC-SKV <br><br> REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Pierce County Superior Court case number 22-1-01781-5.  *See* Dkt. 7 at 1.  Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the validity of his current custody, asserting that former RCW 9.94A.507 is unconstitutional on its face and violates his Sixth Amendment right to a jury trial.  *Id*. at 7.  He seeks to have this Court determine whether state law violates federal law and to "issue an unconditional writ releasing [him] from custody."  *Id*. at 8.

//

1   On September 3, 2024, the Court issued an Order to Show Cause as to why the Petitioner's petition should not be dismissed for failure to exhaust state court remedies. Dkt. 13. The Court noted that if Petitioner failed to timely respond to the Order, it would recommend that this matter be dismissed. To date, Petitioner has not responded to the Court's Order. The Court now recommends dismissal.

## II.   DISCUSSION

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review. Dkt. 7 at 3-6. Petitioner's claim is therefore

REPORT AND RECOMMENDATION - 2

unexhausted and not currently eligible for federal habeas review. The Court should accordingly dismiss the petition.

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court should find Petitioner has not met this standard and should accordingly deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Because Petitioner failed to respond to the Court's Order, Dkt. 13, and because his claims for federal habeas relief have not been properly exhausted in the state courts, the Court recommends Petitioner's habeas petition be dismissed. The Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

### V. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 3

1  motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may
2  be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be
3  ready for consideration by the District Judge on **October 29, 2024**.

4  Dated this 8th day of October, 2024.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4